IN THE INTEREST OF JOHN DOE III,
BORN ON JULY 23, 1949, AGE 18.

No. 4767.

NOVEMBER 1, 1968.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE
OKINO ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

The question for decision on this appeal is whether appellant comes within a class of persons described in R.L.H. 1955, 1965 Supp., §§ 333-8 and 333-13, as "a minor eighteen years of age or over already under the jurisdiction of the court," the court referred to in the quotation being the family court.

R.L.H. 1955, 1965 Supp., § 333-8, provides that where a minor 18 years or over already under the jurisdiction of the family court is alleged to have violated any state law, that court has concurrent jurisdiction with the criminal court. R.L.H. 1955, 1965 Supp., § 333-13, provides that in such situation, the family court may waive jurisdiction and order the minor held for criminal proceedings after full investigation and hearing, when it finds

that there is no evidence that the minor is committable to an institution for the mentally defective or retarded or mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the minor continue under restraint for a period extending beyond his minority.

The statutory provisions mentioned in the preceding paragraph are portions of the Family Court Act, S.L.H. 1965, c. 232, compiled in R.L.H. 1955, 1965 Supp., c. 333, which completely superseded and replaced the provisions of R.L.H. 1955, c. 333, relating to juvenile courts, effective July 1, 1966. R.L.H. 1955, 1965 Supp., § 333-42 provides: "The term 'juvenile court' as set forth in any existing state statute shall be deemed to mean the family court created hereby."

Appellant is a minor accused of committing second degree burglary in Pepeekeo, Hawaii, on January 14, 1968, when he was 18 years and 6 months old. At that time, he was under the supervision of the juvenile parole division as a parolee of Hawaii Youth Correctional Facility. Previously, on July 11, 1962, when he was 12 years old, he had been adjudged a delinquent child and a ward of the court under R.L.H. 1955, § 333-6, and was still in that status on February 18, 1966, just before the juvenile court of the third circuit ordered that he be committed to the care and custody of the superintendent of the youth correctional facility.

The charge against appellant in connection with the Pepeekeo incident was first filed in the South Hilo district court. There appellant's counsel moved to dismiss on the ground that the district court lacked jurisdiction inasmuch as the family court had not waived its jurisdiction pursuant to R.L.H. 1955, 1965 Supp., § 333-13. The court granted the motion.

Thereafter, a probation officer of the family court of the third circuit filed in that court, pursuant to R.L.H. 1955, 1965 Supp., § 333-12, a petition in the interest of appellant, alleging his commitment to the care and custody of the superintendent of the youth correctional facility on February 18, 1966, and his commission of the alleged crime on January 14, 1968, and praying for such action within the provisions of R.L.H. 1955, 1965 Supp.,

c. 333, as may appear best to subserve his welfare and the best interests of the State.

The family court did not conduct any investigation, or hold a hearing, on the merits of the probation officer's petition, but considered only the jurisdictional question involved therein, and, upon such consideration, made a finding that appellant was a juvenile probationer whose probation had been terminated when he was committed to the youth correctional facility, ruled that it had no jurisdiction to entertain or proceed with the petition, and ordered that he be committed to the criminal court for trial and disposition.

The case is before this court on appeal from the foregoing finding, ruling, and order. In our opinion, the family court erred in making such finding, ruling, and order.

There is no basis in the record for the court's finding that appellant's probation was terminated when he was committed to the care and custody of the youth correctional facility.

R.L.H. 1955, § 333-6, which was in effect when the commitment order was entered, provided that "where any child has been decreed to be the ward of the court, the authority of the judge over his person shall continue until the judge otherwise decrees." In connection with the commitment order, the court could also have ordered that appellant be discharged as its ward, effective upon his admission to the institution. But it did not do so. Nor did it make any subsequent order under R.L.H. 1955, § 333-6, discharging appellant as its ward. R.L.H. 1955, 1965 Supp., § 333-10, applicable to appellant's status from the effective date of the Family Court Act, provides: "Jurisdiction obtained by the court in the case of a child may be retained by it, for the purposes of this chapter, until he becomes twenty years of age, unless judicially terminated prior thereto." The record does not show that the court took any action to terminate its jurisdiction under this provision.

The commitment order provided that "all orders heretofore made inconsistent herewith are hereby set aside." The order which adjudged appellant to be a ward of the court is not inconsistent with the commitment order.

The relationship of the court to appellant as its ward may be equated to the relationship of a guardian of the person of a minor to his ward. Ordinarily, guardianship of the person of a minor involves the duty and authority of making important decisions in matters having permanent effect on the life and development of the minor, as well as the rights and responsibilities associated with his day-to-day care. Where there is a guardian of the person of a minor and the care and custody of the minor is committed to a person other than the guardian, only the rights and responsibilities associated with the minor's day-to-day care are vested in such person, and the guardian retains the duty and authority to make major decisions affecting the long-time planning for the minor. *See* William H. Sheridan, *Standards for Juvenile and Family Courts,* publication of Children's Bureau, United States Department of Health, Welfare and Education, pp. 17-20 (1964).

Thus, appellant's status as a ward of the family court remained unchanged after the commitment order, and, at the time of the Pepeekeo incident, appellant was "a minor eighteen years of age or over already under the jurisdiction of the court." That being the case, the family court had concurrent jurisdiction with the criminal court, and erred in ruling that it had no jurisdiction to entertain or proceed with the probation officer's petition.

The order committing appellant to the criminal court for trial and disposition is erroneous because it is not a waiver order entered pursuant to full investigation, hearing, and findings required under R.L.H. 1955, 1965 Supp., § 333-13.

This decision is limited to the question involved in this appeal as stated at the outset of this opinion. We do not express any opinion on the meaning of concurrent jurisdiction as used in R.L.H. 1955, 1965 Supp., § 333-8. That question is not before us at this time.

Reversed.

*C. Duane Carlsmith* for appellant.

*Mamoru Shimokusu,* Deputy County Attorney (*Yoshito Tanaka,* County Attorney, with him on the brief), for appellee.